J-S14021-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KADIR JACKSON, | |
| Appellee | No. 1898 EDA 2013 |

Appeal from the Order June 5, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001919-2011

BEFORE:  SHOGAN, J., OTT, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:          **FILED OCTOBER 09, 2014**

I respectfully dissent.  In my view, there was probable cause to arrest Appellee.  Therefore, I would conclude, under our standard of review, that the trial court improperly granted Appellee's motion to suppress his confessional statements to the police.  Accordingly, I would reverse and remand.

The learned Majority acknowledges that "[p]robable cause justifying a warrantless arrest is determined by the totality of the circumstances." Majority, at 6 (citing **Commonwealth v. Galendez**, 27 A.3d 1042, 1046 (Pa. Super. 2011), *appeal denied*, 40 A.3d 120 (Pa. 2012)).  Moreover, "[i]t is the facts and circumstances within the personal knowledge of the police

_____

[*] Retired Senior Judge assigned to the Superior Court.

officer that frames the determination of the existence of probable cause." *Id.* Nevertheless, it concludes that "one cannot reasonably infer there was sufficient information to warrant a belief that an offense had been committed by Jackson, supporting probable cause for his arrest." *Id.* at 9. I would disagree.

"[P]robable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent persons act." **Commonwealth v. Simmen**, 58 A.3d 811, 817 (Pa. Super. 2012). Therefore, we review the facts under the totality of the circumstances test "to avoid a decision that is totally devoid of [the] commonsensical inferences [that are] drawn by trained police officers . . . ." **Commonwealth v. Smith**, 979 A.2d 913, 917 (Pa. Super. 2009), *appeal denied*, 993 A.2d 901 (Pa. 2010) (citation omitted).

Here, the record reveals that Detective Holmes, an experienced homicide detective, had probable cause to arrest Appellee. The victim's girlfriend provided objective information that implicated Appellee, specifically referencing an incriminating YouTube video and that Appellee was bragging in the neighborhood about the murder. Detective Holmes went to Appellee's home to get his side of the story. While speaking with Detective Holmes on his cell phone, Appellee lied about his whereabouts, falsely claiming he was not at home. He agreed to meet the police but upon termination of the phone call, immediately ran out through a rear door. The police lawfully arrested Appellee.

These facts taken collectively and interpreted "through the lens of [the detective's] training and experience" are legally sufficient to establish probable cause for Appellee's arrest. *Id.* at 920. Moreover, the alternate inference that Appellee fled his home to meet the police does not negate the probable cause for his arrest. *See id.* at 917 ("[P]robable cause exists when criminality is **one** reasonable inference; it need not be the **only**, or even the most likely inference . . . .") (citation omitted) (emphasis added).

Therefore, under the totality of the circumstances test, I would conclude that, Detective Holmes had "reasonably trustworthy information . . . to belie[ve] that an offense ha[d] been committed by the [Appellee] . . . ." *Simmen, supra* at 817 (citation omitted). Furthermore, because there was more than sufficient probable cause to arrest Appellee, his confessional statements were not fruit of the poisonous tree. I would reverse and remand.

Accordingly, I respectfully dissent.